FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 10:23 am, Dec 11, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| ALONZO BORRIS THOMAS, | |
| Movant, | CIVIL ACTION NO.: 5:16-cv-75 |
| v. | |
| UNITED STATES OF AMERICA, | (Case No. 5:13-cr-13) |
| Respondent. | |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Alonzo Borris Thomas ("Thomas"), currently incarcerated at the Federal Correctional Institution in Edgefield, South Carolina, filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. (Docs. 1, 6.) Respondent filed a Response. (Doc. 7.) For the reasons which follow, I **RECOMMEND** the Court **DISMISS IN PART** and **DENY IN PART** Thomas's Motion, **DENY** Thomas *in forma pauperis* status on appeal, **DENY** Thomas a Certificate of Appealability, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

## BACKGROUND

Thomas was indicted for: conspiracy to use, carry, and brandish a firearm during a crime of violence, in violation of 18 U.S.C. § 924(o) (Count 3), interference with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 4); and using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 5). Indictment, United States v. Thomas, 5:13-cr-13 (S.D. Ga. May 8, 2013), ECF No. 1. After pleading guilty to Counts 3 and 4, the Honorable Lisa Godbey Wood sentenced Thomas to 108

months' imprisonment for each count, to be served concurrently. J., United States v. Thomas, 5:13-cr-13 (S.D. Ga. July 11, 2014), ECF No. 130. Consistent with the appeal waiver in his plea agreement, Thomas did not file a direct appeal.

## DISCUSSION

On August 18, 2016, Thomas executed his Section 2255 Motion. (Doc. 1, p. 6.) His Motion was filed in this Court on August 30, 2016. (Doc. 1.) Thomas challenges his sentence on numerous grounds, including: actual innocence; improper sentencing enhancements; ineffective assistance of counsel; and a sentence exceeding the statutory maximum. (Docs. 1, 6.) The Government asserts the Court should dismiss Thomas's Motion because his Motion is: barred by the collateral attack waiver in his plea agreement; untimely; procedurally defaulted; and meritless. (Doc. 7.)

**I.    Whether the Waiver Provisions in Thomas's Plea Agreement Bars his Claims**

When a defendant enters a guilty plea pursuant to Rule 11 proceedings, "there is a strong presumption that the statements made during the colloquy are true" and his plea is knowing and voluntary. United States v. Gonzalez-Mercado, 808 F.2d 796, 800 n.8 (11th Cir. 1987). It is well-settled that a waiver of appeal[1] and collateral attack provisions contained in a plea agreement is enforceable if the waiver is knowing and voluntary. United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008) (citing United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001)). "'To establish the waiver's validity, the government must show *either* that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the

---

[1] "Appeal" refers to the right to appeal or contest, directly or collaterally, a sentence. United States v. Bushert, 997 F.2d 1343, 1350 & n.17 (11th Cir. 1993). Case law concerning waiver of a direct appeal has also been applied to waiver of the right to collateral proceedings. Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365–67 (N.D. Ga. 2004).

2

significance of the waiver.'" United States v. Mottola, 394 F. App'x 567, 568 (11th Cir. 2010) (quoting United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir. 1997)). "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues—indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). "Waiver would be nearly meaningless if it included only those appeals that border on the frivolous." Brown v. United States, 256 F. App'x 258, 261–62 (11th Cir. 2007).

### A. Whether the District Court Questioned Thomas About the Waiver During the Plea Colloquy

Thomas and his attorney, Mr. James McGee, were able to negotiate a plea agreement with the Government whereby Thomas agreed to plead guilty to Counts 3 and 4 of the Indictment. A "Limited Waiver of Appeal" provision was included as part of the plea agreement. That provision stated, "Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding, on any ground[.]" Plea Agreement, United States v. Thomas, 5:13-cr-13 (S.D. Ga. Nov. 14, 2013), ECF No. 111, p. 12. This waiver was repeated at the beginning of the plea agreement summarizing Defendant's promises. Id. at p. 3.

Thomas appeared before Judge Wood for his change of plea, or Rule 11, proceeding on November 13, 2013. Min. Entry, United States v. Thomas, 5:13-cr-13 (S.D. Ga. Nov. 13, 2013), ECF No. 108. Judge Wood addressed Thomas and informed him the purpose of the hearing was to ensure that he understood the case that was pending against him, that he understood all of the rights he was waiving or giving up by pleading guilty, and that there was a factual basis for the guilty plea. Change of Plea Hr'g Tr., United States v. Thomas, 5:13-cr-13 (S.D. Ga. Nov. 13,

3

2013), pp. 2–3.  Judge Wood inquired whether anyone had forced or "lean[ed] on" Thomas to offer to plead guilty.  Id. at p. 3.  Thomas replied that no one had done so and pleading guilty was what he wanted to do.  Id. at pp. 3–4.  Judge Wood told Thomas that he did not have to plead guilty, and if he chose to persist in his not guilty plea, he would have the right to: a public and speedy trial by jury; a presumption of innocence during that trial; the assistance of trial counsel; see, hear, confront, and cross-examine the Government's witnesses and evidence; call witnesses on his behalf; and testify himself or to remain silent.  Id. at pp. 5–7.  However, Judge Wood cautioned Thomas that he would be waiving these rights if he pled guilty.  Id. at pp. 7–8.  Thomas stated he understood and did not have any questions.  Id.

Thomas also stated he and Mr. McGee reviewed the Indictment together, discussed the facts of his case, and discussed the proposed plea agreement.  Id. at p. 8.  Thomas stated Mr. McGee had generally spoken to him about the advisory Sentencing Guidelines, was satisfied with Mr. McGee's representation, and had no complaints about him whatsoever.  Id.  Judge Wood reviewed with Thomas the two counts in the Indictment to which he was pleading guilty and the essential elements of the crimes that the Government would have to prove.  Id. at pp. 10–12.  Judge Wood advised Thomas of the maximum sentence she could impose for each of the counts, which was twenty years' imprisonment, a fine of not more than $250,000, and no more than three years' supervised release.  Id. at pp. 12–13.

Additionally, Judge Wood asked the Assistant United States Attorney ("AUSA") to summarize the provisions of the plea agreement.  AUSA Tania Groover stated:

> We have reached a plea agreement in this particular case, and it calls for the Defendant pleading guilty as charged to Count[s] 3 and 4 and the Government dismissing Count 5 . . . .  In exchange, the Defendant is agreeing to plead guilty to Counts 3 and 4 in the indictment, to acknowledge at the time of the plea the truth of the factual basis contained in the plea agreement, . . . to waive appeal as explained below in the plea agreement . . . .

Id. at pp. 14–16.  Judge Wood asked Thomas if this summary was consistent with the plea agreement he signed, and he stated it was.  Id. at p. 17.  Thomas also stated he read the plea agreement, and Mr. McGee answered any questions he may have had before he signed the agreement.  Id.  Judge Wood then addressed Thomas:

> I do want to follow up on something that Ms. Groover mentioned in her summary, and that is that the agreement you're proposing does contain an appeal waiver.
>
> It states, "To the maximum extent permitted by federal law, Defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding including a Section 2255 proceeding on any ground."
>
> Now, there are three exceptions to that waiver.  That is, if one of these three things were to happen, then you would get a direct appeal right back, but outside of these three things, by virtue of this plea agreement that you're proposing, you waive all your appeal rights.
>
> Now the exceptions are these: Number 1, if I were to sentence you above the statutory maximum, you would get a direct appeal right back; Number 2, if I were to sentence you above the advisory guideline range as found by me, then you would get a direct appeal right back; or Number 3, if the Government were to file a direct appeal then you could file a direct appeal, but other than those three occurrences, by virtue of this agreement, you waive all other appellate rights; do you understand that?

Id. at pp. 17–18.  Thomas stated he understood these provisions and did not have questions.

Judge Wood then asked Thomas whether he still wished to plead guilty to Counts 3 and 4 because he was in fact guilty of those Counts, and Thomas answered in the affirmative.  Id. at p. 19.  Judge Wood also asked Thomas whether he understood the rights and privileges he was waiving if she accepted his plea, and Thomas said he did.  Judge Wood determined Thomas participated in the Rule 11 proceedings "with knowledge and intelligence."  Id.  Further, Judge Wood determined Thomas's plea was "knowing" and "voluntary."  Id. at p. 20.  Thomas affirmed these findings.  The Government provided a factual basis for Thomas's plea of guilty.

5

Id. at pp. 20–23.  After hearing from Thomas again, during which time he agreed with the Government's factual basis, Judge Wood accepted Thomas's plea and adjudged him guilty of Counts 3 and 4 of the Indictment.  Id. at p. 23.

Based on Judge Wood's specific discussion and questions with Thomas during the Rule 11 hearing, Thomas entered into his plea agreement knowingly and voluntarily.  Accordingly, the appeal waiver in Thomas's plea agreement is valid and bars his Section 2255 Motion.

### B. Whether the Record Shows Thomas Understood the Significance of the Waiver

Thomas's plea agreement is also valid because it is "manifestly clear" from the record that Thomas fully understood the significance of the waiver.  At the sentencing hearing, Judge Wood asked Thomas whether he had the opportunity to read and review the Pre-Sentence Investigation report ("PSI") and discuss it with Mr. McGee.  Thomas stated he had, and Mr. McGee asserted that there were no objections to the factual accuracy of the PSI or to the probation officer's application of the advisory Guidelines.  Sent. Hr'g Tr., United States v. Thomas, 5:13-cr-13 (S.D. Ga. Dec. 4, 2016), ECF No. 165, p. 3.  Accordingly, Judge Wood adopted the factual statements in the PSI and the probation officer's application of the Guidelines.

Judge Wood determined that Thomas's offense level was 29 with a criminal history category of VI, calling for "151 to 188 months of imprisonment."  Id.  After hearing from Mr. McGee, the AUSA, Thomas, and reviewing the PSI, the Government's Section 5K1.1 Motion for Downward Departure, Thomas's sentencing memorandum, and the sentencing factors of 18 U.S.C. § 3553, Judge Wood sentenced Thomas to 108 months' imprisonment.  Id. at p. 8.  Judge Wood remarked that this sentence was a departure from the Guidelines' range but found it proper because of the substantial and early help Thomas gave to the Government.  Id. at pp. 8–9. Additionally, Judge Wood reminded Thomas of the waiver provisions contained in his plea

6

agreement. Specifically, Judge Wood stated, "[P]ursuant to [your] plea agreement, you waived your appellate rights with limited exceptions." Id. at p. 10.

Thomas and Mr. McGee also executed a Post-Conviction Consultation Certification. Notice, United States v. Thomas, 5:13-cr-13 (S.D. Ga. July 14, 2014), ECF No. 132. In this Certification, Thomas acknowledged that Mr. McGee had advised him of his right to a direct appeal and the appellate process, the advantages and disadvantages of pursuing an appeal, and was thoroughly questioned by Mr. McGee regarding his interest in appealing. Id. Thomas then initialed in the box indicating he decided not to file an appeal, including a Section 2255 motion, and that Mr. McGee had explained the consequences of failing to do so. Both Thomas and Mr. McGee signed this Certification. Id.

It is "manifestly clear" from the record that Thomas fully understood the significance of the waiver. Mottola, 394 F. App'x at 568. Accordingly, this provides additional, independent grounds to support the enforceability of Thomas's appeal waiver.

**C. Whether Any Exceptions Apply to the Appeal Waiver**

As noted above, Thomas "voluntarily and expressly waive[d] the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a § 2255 proceeding[.]" Plea Agreement, United States v. Thomas, 5:13-cr-13 (S.D. Ga. Nov. 14, 2013), ECF No. 111, p. 12. The waiver contained exceptions that allowed Thomas to file an appeal only if: his sentence exceeded the statutory maximum; the sentence was higher than the advisory sentencing guideline range as found by the sentencing court; or the Government filed an appeal. Id. None of these conditions came to pass. Thomas's sentence of 108 months' imprisonment was below the Guidelines' range, as found by

7

Judge Wood, and significantly below the statutory maximum sentence of twenty years' imprisonment. Additionally, the Government never filed an appeal of the sentence imposed.

Accordingly, the waiver provisions in Thomas's plea agreement bar his Section 2255 Motion, and the Court should **DISMISS** this portion of his Motion.

## II.     Whether Counsel Rendered Ineffective Assistance by Failing to File a Direct Appeal

To the extent Thomas argues that his waivers are inapplicable due to Mr. McGee's ineffective assistance of counsel, such a claim is without merit. Thomas contends Mr. McGee rendered ineffective assistance of counsel by "failing to file a direct appeal when being directed to do so by Petitioner and failing to reserve the argument of the elements that the government did not have to commit."[2] (Doc. 1, p. 4.)

As an initial matter, the Court should not rely upon Thomas's direct appeal and collateral attack waivers to resolve this issue. Some courts have held that, even where a defendant knowingly entered such a "double waiver", the waiver does not preclude claims that counsel failed to follow a defendant's instructions to file a direct appeal. See Mingo v. United States, 67 F. Supp. 3d 1370, 1373 (S.D. Ga. 2014) (Section 2255 movant entitled to evidentiary hearing to resolve factual conflict regarding his directions to trial counsel to file direct appeal despite movant having knowingly waived appellate and collateral attack rights in plea agreement); Simmons v. United States, No. 6:11-cv-83, 2012 WL 1499469, at *1 (S.D. Ga. Apr. 23, 2012)

---

[2] Thomas's claim that his counsel was ineffective for "failing to reserve the argument of the elements that the government did not have to commit" is incomprehensible. Construing this allegation very liberally, however, the Court infers this statement to mean that Thomas claims Mr. McGee was ineffective for failing to reserve an appeal on the grounds that the Government did not prove the elements of his charged offenses. Nevertheless, even this interpretation fails for multiple reasons. First, as discussed in greater detail in this Section II, Thomas waived his appellate rights and instructed Mr. McGee not to file an appeal. Second, the Government never had to prove the elements of Thomas's offenses because Thomas pled guilty to each offense. Plea Agreement, United States v. Thomas, 5:13-cr-13 (S.D. Ga. Nov. 14, 2013); see also Change of Plea Hr'g Tr., United States v. Thomas, 5:13-cr-13 (S.D. Ga. Nov. 13, 2013), pp. 10–12 (wherein Judge Wood reviewed the elements of each offense that the Government would have to prove if Thomas did not plead guilty).

8

(reinstating Section 2255 movant's time to file an appeal due to claim that counsel failed to file direct appeal despite collateral attack waiver); Roberson v. United States, No. 6:11-cv-48, 2011 WL 6032962, at *2 (S.D. Ga. Nov. 30, 2011) (same); but see Marshall v. United States, No. CR109-078, 2013 WL 772855, at *2 (S.D. Ga. Feb. 28, 2013), *vacated and remanded*, 592 F. App'x 919 (11th Cir. 2015) (collateral attack waiver bars Section 2255 movant from collaterally attacking conviction and sentence by claiming counsel failed to pursue appeal).[3] The Court need not wade into this issue to resolve Thomas's claims.

"Counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal . . . or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). "Even assuming that a rational defendant would not have wanted to appeal the case, [where a defendant] expressly communicated to his attorney his desire to appeal . . .[,] Flores-Ortega mandates that the attorney conduct a specific type of consultation, informing his client about the advantages and disadvantages of appealing and making a reasonable effort to determine the client's wishes." Gomez-Diaz v. United States, 433 F.3d 788, 792 (11th Cir. 2005).

It is well-settled that an attorney's failure to file a requested notice of appeal is *per se* ineffective assistance of counsel. Flores-Ortega, 528 U.S. at 470, 483–86; Gaston, 237 F. App'x at 495. A defendant claiming ineffective assistance on that score need not demonstrate an ability

---

[3] In Marshall, Chief Judge J. Randal Hall noted the conflict of authority within this District and the Circuit courts on this issue. Marshall v. United States, No. CR 109-078, 2013 WL 772855, at *2. Thus, Chief Judge Hall granted the movant a certificate of appealability. However, the Eleventh Circuit Court of Appeals did not resolve the question because, on appeal, the Government withdrew its reliance on the movant's collateral attack waiver. Marshall v. United States, 592 F. App'x 919, 920 (11th Cir. 2015). In Gaston v. United States, 237 F. App'x 495, 496 (11th Cir. 2007), the Eleventh Circuit remanded for an evidentiary hearing to determine whether the movant had directed his trial counsel to file a direct appeal, even though the movant had signed a waiver of appeal as part of his plea agreement. However, the Court in Gaston did not indicate whether the movant had signed a collateral attack waiver.

9

to raise meritorious issues on appeal. Flores-Ortega, 528 U.S. at 477–78. Instead, he can prove ineffective assistance by showing a "reasonable probability" that he would have timely appealed had counsel not failed to file an appeal on his behalf. Id. at 484. Further, even where a defendant has signed a waiver of direct appeal as part of his plea agreement (as Thomas did in this case), he has no burden to show that the issue he would have raised on appeal falls outside of that waiver. Gaston, 237 F. App'x at 497; Gomez-Diaz, 433 F.3d at 793.

Thomas claims that Mr. McGee failed to file an appeal despite Thomas's directives to do so. However, Thomas does not contest the fact that Mr. McGee did "conduct a specific type of consultation, informing [Thomas] about the advantages and disadvantages of appealing and making a reasonable effort to determine the client's wishes." Gomez-Diaz, 433 F.3d at 792. Indeed, the Post-Conviction Consultation Certificate Thomas signed reflects that Thomas advised Mr. McGee that he did *not* want to file an appeal. Notice, United States v. Thomas, 5:13-cr-13 (S.D. Ga. July 14, 2014), ECF No. 132. Through that Certificate, Mr. McGee certified—and Thomas agreed—that Mr. McGee met with Thomas, explained to Thomas the appellate process and his rights to appeal his conviction and sentence, advised Thomas of the advantages and disadvantages of filing an appeal, and thoroughly inquired into Thomas's interest in appealing. Id. After this consultation, Thomas "decided not to file an appeal, and [Mr. McGee] explained to [Thomas] the consequences of failing to do so." Id. Thomas further acknowledged that "[t]hose consequences include the waiver of [Thomas's] right to complain about the process that led up to [Thomas's] conviction, including in the future, should [Thomas] decide to seek any form of habeas corpus, 28 U.S.C. § 2255, or other judicial relief from the conviction." Id. Thomas certified his agreement with these statements by printing and signing his name. Id. Thomas has not denied any of the contents of this Certificate or otherwise

contested its validity in any of his pleadings. Additionally, Thomas has not alleged that he directed Mr. McGee to file an appeal after signing this Certificate. Thus, if Mr. McGee had filed an appeal for Thomas, he would have directly disregarded his client's instructions not to file an appeal.

This undisputed Post-Conviction Consultation Certificate establishes Thomas's informed decision not to take an appeal and thwarts Thomas's conclusory claims that counsel failed to file an appeal. See Eubank v. United States, No. CR414-005, 2016 WL 750344, at *1 (S.D. Ga. Feb. 25, 2016), *report and recommendation adopted*, No. CR414-005, 2016 WL 1464578 (S.D. Ga. Apr. 13, 2016), *certificate of appealability denied*, No. 16-11933-F, 2016 WL 6246827 (11th Cir. Oct. 25, 2016) (Section 2255 motion denied wherein movant faulted her lawyer for failing to directly appeal but Notice of Post-Conviction Consultation Certification memorialized her informed decision not to take an appeal); Eason v. United States, No. CR613-007, 2014 WL 4384652, at *3 (S.D. Ga. Sept. 3, 2014), *report and recommendation adopted*, No. CR613-007, 2014 WL 4956680 (S.D. Ga. Oct. 2, 2014) (same); see also Price v. United States, No. CR614-016, 2017 WL 525869, at *4 (S.D. Ga. Feb. 8, 2017), *report and recommendation adopted*, No. CR614-016, 2017 WL 1393058 (S.D. Ga. Apr. 11, 2017) (Notice of Post-Conviction Consultation Certification and attorney's affidavit regarding same rebut Section 2255 claim that counsel neglected to apprise movant of the advantages and disadvantages of filing direct appeal).

For all of these reasons, the Court should **DENY** Thomas's claim alleging that Mr. McGee rendered ineffective assistance.

### III. Leave to Appeal *in Forma Pauperis* and Certificate of Appealability

The Court should also deny Thomas leave to appeal *in forma pauperis*. Though Thomas has, of course, not yet filed a notice of appeal, it would be appropriate to address this issue in the

11

Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). Based on the above analysis of Thomas's Motion and the Government's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Thomas *in forma pauperis* status on appeal.

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. Further, under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when entering an order adverse to the applicant. A certificate of appealability may be issued only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322,

336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Applying the Certificate of Appealability standards set forth above, Thomas has not demonstrated any discernable issues worthy of a certificate of appeal. Accordingly, the Court should **DENY** the issuance of a Certificate of Appealability. If the Court adopts this recommendation and denies Thomas a Certificate of Appealability, Thomas is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Cases.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS IN PART** and **DENY IN PART** Thomas's Section 2255 Motion, **DENY** Thomas *in forma pauperis* status on appeal, **DENY** Thomas a Certificate of Appealability, and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Thomas and the United States Attorney for the Southern District of Georgia.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of December, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA